Filed 7/27/22  P. v. Gunn CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B310486 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No.  A348521-2) |
| v. | |
| PHILLIP BENJAMIN GUNN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Frederick N. Wapner, Judge.  Reversed and remanded with directions.

Phillip B. Gunn in pro. per.; Kelly C. Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and Colleen M. Tiedemann, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Appellant Phillip Benjamin Gunn was convicted of first degree murder and robbery in 1981 and was sentenced to life without the possibility of parole. In 2019, he filed a petition under Penal Code section 1172.6 (former section 1170.95) to vacate his murder conviction.[1] Appellant claimed that he was convicted under the felony murder rule, and that he was not the actual killer, had not acted with intent to kill, and had not even participated in the underlying robbery. Among other things, he alleged that although he shot the victim (in self-defense), he merely injured him, and another person shot and killed him after appellant left the scene. The superior court denied the petition without issuing an order to show cause after concluding that appellant was ineligible for relief as a matter of law because he was "the actual shooter." On appeal, appellant contends the court erred in denying his petition without holding an evidentiary hearing.

_____

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). Undesignated statutory references are to the Penal Code.

The Attorney General concedes the superior court erred in denying the petition at this stage of the proceeding. We agree with the parties and therefore reverse and remand.[2]

## BACKGROUND

### A. *Appellant's Convictions*

In 1981, a jury convicted appellant of murder (with robbery-murder and firearm special-circumstance findings) and robbery. As relevant here, the jury was instructed on a theory of first degree felony murder, and the instructions provided that "[i]f a human being is killed by any one of several persons engaged in the perpetration of . . . the crime of ROBBERY, all persons who . . . with knowledge of the unlawful purpose of the perpetrator of the crime aid, promote, encourage, or instigate . . . its commission, are guilty of murder of the first degree, whether the killing is intentional, unintentional, or accidental."[3] As to the robbery-murder special-circumstance allegation, the jury was instructed that to find the allegation true, it must find that "the murder was committed while the defendant [was engaged in] or [was an accomplice] in the [commission] of a

---

[2] Given our conclusion, we need not address appellant's additional claim that his former appointed counsel's performance in the superior court violated his right to counsel.

[3] We grant the Attorney General's request for judicial notice of the record in appellant's direct appeal (*People v. Gunn* (Feb. 10, 1983, 2 Crim No. 40927)).

3

[robbery]" and that "the murder was committed during the immediate flight after the [commission] of a [robbery]." Appellant was sentenced to life in prison without the possibility of parole. This court affirmed the judgment on direct appeal.[4]

### B. Appellant's Petition

In 2019, appellant filed a pro per petition styled as a petition for writ of habeas corpus, seeking to vacate his murder conviction under Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437). He claimed he had been convicted under the felony murder rule but was now eligible for retroactive relief. He further claimed he was not the actual killer, had not acted with intent to kill, and had not participated in the underlying robbery.

Appellant alleged the following facts in his petition: Amber Banks and her pimp Tony Cortez had planned to rob one of Banks's customers, Charles Ferris, but appellant had no part in the robbery conspiracy. Banks enticed Ferris to her apartment, where appellant was present for unrelated reasons. Upon seeing Banks enter the apartment with an unfamiliar man, appellant held a gun and told Ferris to "hold it right there." Ferris then pulled out his own gun and fired at appellant, but missed and struck Banks instead. Appellant returned fire, injuring Ferris, but not killing him.

---

[4]     In affirming the judgment, this court assumed that the jury convicted appellant under the felony murder rule.

Appellant tossed the gun onto a bed, near where the injured Banks was sitting, and told her to call the police and report that she had shot Ferris when Ferris tried to force his way into her apartment. At that time, Cortez showed up and went through Ferris's pockets, and appellant and Cortez then left the apartment, with Ferris still alive. According to appellant's petition, a neighbor named Linda Rich testified at trial that she saw appellant and Cortez leave the apartment, and later heard another gunshot inside the apartment. The petition claimed it must have been Banks who shot and killed Ferris.

The superior court treated appellant's petition as a petition for relief under former section 1170.95, and appointed him counsel. The People filed an opposition, attaching this court's decision in the prior appeal and relying on it to argue that appellant was the actual killer and was therefore ineligible for relief. The prior decision provided a brief summary of the People's theory at trial and appellant's testimony. According to the decision, the People's theory was that appellant had conspired with Banks and Cortez to commit the robbery. Appellant waited for Banks and Ferris in Banks's apartment, and when they arrived, an exchange of shots between appellant and Ferris followed, leaving Ferris dead. Appellant and Cortez then took money and jewelry from Ferris and left. Describing appellant's version of events, the prior decision stated he testified that he was in the apartment for an unrelated reason, that when he saw Banks with an unfamiliar man, he challenged the couple,

5

and that after the man fired at him, he fired back in self-defense.

### C. The Superior Court's Ruling

At a hearing on appellant's petition, appellant's counsel noted that his office had been unable to locate transcripts from appellant's trial. The superior court replied that appellant was "the shooter," but that counsel could contact the court if he needed to obtain additional discovery. Counsel agreed that appellant was "the shooter," and submitted the matter. The court then summarily denied the petition, without issuing an order to show cause, concluding that appellant was "the actual shooter." Appellant timely appealed.

### D. Proceedings in This Appeal

Appellant's appointed appellate counsel initially filed a brief requesting that we independently review the record under *People v. Wende* (1979) 25 Cal.3d 436. After reviewing the record, we ordered the parties to submit briefs on the merits and directed counsel to address whether, given the allegations in appellant's petition, appellant was entitled to an evidentiary hearing. The parties complied.

## DISCUSSION

Appellant contends that he was eligible for relief under former section 1170.95, and that the superior court erred in summarily denying his petition. The Attorney General

6

concedes the matter should be remanded to the superior court to issue an order to show cause and hold an evidentiary hearing.  We agree with the parties that the matter must be remanded for an evidentiary hearing.

"Effective January 1, 2019, the Legislature passed Senate Bill 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)  SB 1437 also enacted former section 1170.95 (now section 1172.6), allowing a defendant who was convicted under the felony murder rule (among other theories), but who could not be convicted of murder because of SB 1437's changes to the law, to petition the sentencing court to vacate the conviction and resentence the petitioner on any remaining counts.  (Former § 1170.95, subd. (a); Stats. 2018, ch. 1015, § 4; § 1172.6, subd. (a).)  After ascertaining that such a petition contains certain required information, the court must appoint counsel for the petitioner (if requested), allow the parties to file briefs, and determine whether the petitioner has made a prima facie showing of entitlement to relief.  (Former § 1170.95, subd. (c); § 1172.6, subd. (c); *Lewis*, *supra*, at 960-968.)

"[T]he 'prima facie bar was intentionally . . . set very low.'" (*Lewis*, *supra*, 11 Cal.5th at 972.)  "Like the analogous

7

prima facie inquiry in habeas corpus proceedings, "'the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause.'"" (*Id.* at 971, quoting *People v. Drayton* (2020) 47 Cal.App.5th 965, 978 (*Drayton*).) In performing the required assessment at the prima facie stage, the court must not engage in "'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis*, at 972, quoting *Drayton*, at 980.) If the petitioner's allegations are sufficient to state a claim for relief, the court may refrain from issuing an order to show cause "[o]nly where the record of conviction contains facts conclusively refuting the allegations in the petition," thereby establishing the petitioner's ineligibility for resentencing "as a matter of law." (*People v. Flores* (2022) 76 Cal.App.5th 974, 991-992.) The court's authority to make factual determinations without conducting an evidentiary hearing "is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime) . . . ." (*Drayton*, at 980.)

Here, appellant alleged that he was not the actual killer and did not act with intent to kill: he asserted that he had shot Ferris in self-defense and left the apartment while Ferris was alive -- after instructing Banks to call the police --

but that Banks then shot and killed Ferris. The prior appellate decision's limited description of the facts does not conclusively refute his allegations.[5] And the jury instructions permitted the jury to convict appellant of murder and find the robbery-murder special-circumstance allegation true even if it accepted his version of events.

The jury also was not asked to determine whether appellant was a major participant in the robbery who acted with reckless indifference to human life, and we cannot make this determination as a matter of law. Because appellant was not ineligible for relief as a matter of law, he was entitled to an order to show cause.

At the evidentiary hearing, the superior court will not be compelled to credit appellant's allegations. (See *Lewis*, *supra*, 11 Cal.5th at 971 [court should not reject petitioner's factual allegations on credibility grounds "'without first conducting an evidentiary hearing'"].) Additionally, the court will be able to determine whether, even under appellant's version, he was a major participant in the robbery who acted with reckless indifference, based on the

---

[5] Senate Bill No. 775 (2021-2022 Reg. Sess.), which became effective January 1, 2022, "prevents a trial court from relying on facts recited in an appellate opinion to rule on a petition under section [1172.6]." (*People v. Cooper* (2022) 77 Cal.App.5th 393, 406.) Appellant argues the same limitation applies at the prima facie stage. We need not decide this issue, as the prior decision in appellant's direct appeal would not be dispositive of his petition.

9

factors articulated by our Supreme Court.[6]  (See *People v. Banks* (2015) 61 Cal.4th 788, 803 [relevant factors in assessing whether defendant was major participant in underlying felony include, inter alia: defendant's role in using lethal weapons; defendant's presence and ability to facilitate or prevent killing; whether defendant's actions or inaction played role in victim's death; and defendant's actions after lethal force was used]; *People v. Clark* (2016) 63 Cal.4th 522, 618-623 [discussing similar considerations for determining whether defendant acted with reckless indifference to human life].)  But in reviewing appellant's petition at the prima facie stage, the superior court was not in a position to reject appellant's allegations or to determine whether he was a major participant in the robbery who acted with reckless indifference to human life.  (See *Drayton*, *supra*, 47 Cal.App.5th at 980.)  Accordingly, appellant was entitled to an evidentiary hearing.

---

[6]     The jury found appellant guilty of robbery, and he cannot challenge that finding in this section 1172.6 proceeding.  (See *People v. Price* (2021) 71 Cal.App.5th 1128, 1151 [Legislature did not intend to allow parties to reopen and retry factual matters already resolved by jury].)

## DISPOSITION

The superior court's order denying appellant's petition is reversed.  The matter is remanded to the superior court with directions to issue an order to show cause and proceed in accordance with section 1172.6.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, P. J.

We concur:

WILLHITE, J.

COLLINS, J.

11